## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAMADOU ALPHA BAH,  :  Civil No. 1:26-CV-00978

    Petitioner,  :

v.  :

CRAIG LOWE, *et al.*,  :

    Respondents.  :  Judge Jennifer P. Wilson

### <u>MEMORANDUM</u>

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Mamadou Alpha Bah ("Bah").  (Doc. 1.)  Bah argues that his prolonged detention without a bond hearing pursuant to 8 U.S.C. § 1226(c) violates his due process rights and asks the court to order a prompt bond hearing before an immigration judge.  For the reasons that follow, the court will grant Bah's petition and order an individualized bond hearing before an immigration judge.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Bah is a native and citizen of Guinea, who arrived in the United States in approximately 2007.  (Doc. 1, ¶¶ 1, 23.)  In 2010, Bah applied for and was granted asylum and in 2013, Bah became a lawful permanent resident.  (*Id.* ¶¶ 24–25.)  In 2023, Bah pleaded guilty in federal court to aggravated identity theft and was sentenced to 24 months imprisonment.  (*Id.* ¶¶ 27.)  On April 25, 2024,

1

Immigration and Customs Enforcement ("ICE") issued a notice to appear charging Bah with violations of the Immigration and Nationality Act ("INA") §§ 237(a)(2)(A)(ii) and (iii) because he was convicted of a crime involving moral turpitude and an aggravated felony. (Doc. 5, p. 2.)[1] On October 11, 2024, Bah was released from the Federal Bureau of Prisons custody and immediately transferred to ICE custody. (Doc. 1, ¶ 28.) He was initially detained at Clinton County Correctional Facility and in November 2025, transferred to Pike County Correctional Facility, where he remains detained. (*Id.* ¶¶ 28, 34.)

Once in ICE custody, removal proceedings were brought against Bah and Bah, in turn, applied for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.* ¶ 29.) On July 1, 2025, an immigration judge denied his application for relief. (*Id.* ¶ 30.) Bah appealed that decision to the Board of Immigration Appeals. (*Id.* ¶ 31.) His appeal remains pending with briefing deadlines in April 2026. (*Id.* ¶¶ 31–32; Doc. 5-7, p. 2.) Bah has remained in ICE custody since October 2024 and has not received a bond hearing. (*Id.* ¶ 33.)

On April 16, 2026, Bah filed a petition for writ of habeas corpus against Craig Lowe, in his official capacity as Warden of Pike County Correctional Facility; Michael Rose, in his official capacity as Acting Philadelphia ICE Field Office; Markwayne Mullin, in his official capacity as Secretary of the Department

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

2

of Homeland Security; and Todd Blanche, in his official capacity as Acting

Attorney General of the United States (collectively, "Respondents").[2] (Doc. 1.)

Respondents filed a response on May 5, 2026, and Bah filed a traverse on May 15,

2026. (Docs. 5, 6.) Thus, this petition is ripe for review.

**JURISDICTION AND STANDARD OF REVIEW**

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district

court to exercise subject matter jurisdiction in civil cases arising under the

Constitution, laws, or treaties of the United States.

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of

habeas corpus when an immigration detainee is "in custody in violation of the

Constitution or laws or treaties of the United States."

**DISCUSSION**

Bah states that he has been detained in continuous ICE custody since

October 2024 without a bond hearing. (Doc. 1, ¶ 33.) He submits that the

conditions at Pike County Correctional Facility are indistinguishable from criminal

incarceration and that he is held with individuals serving criminal sentences. (*Id.*

---

[2] Respondents submit that the only proper respondent is Craig Lowe because he is the Warden of Pike County Correctional Facility. (Doc. 5, p. 3.) In this case, consistent with *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), Petitioner has named the Warden as a respondent. *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.") Because Petitioner has named a proper respondent, the court does not deem it necessary to determine whether the other named Respondents should be dismissed.

¶¶ 35–36.)  Bah argues that this prolonged detention without a bond hearing violates his Fifth Amendment Due Process rights and that he is entitled to a prompt bond hearing.  (*Id.* ¶¶ 41–61.)  Bah requests the following forms of relief: a declaration that Bah's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment; convene a bond hearing or order an individualized bond hearing before an immigration judge within 14 days with the burden of proof on Respondents to establish by clear and convincing evidence that Bah poses a flight risk or is a danger to the community; retain jurisdiction over this matter while the bond matter is litigated; and award costs and attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Doc. 1, p. 20.)

Respondents assert that there is no dispute that Bah is subject to mandatory detention under 8 U.S.C. § 1226(c).  (Doc. 5, p. 3.)  Applying the test set forth by the Third Circuit Court of Appeals in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020), Respondents argue that each factor weighs against Bah.  (Doc. 5, pp. 3–6.)

Section 1226(c) requires mandatory detention of aliens previously convicted of certain criminal offenses.  Although there is no statutory limit on the length of time a detainee may be detained under 8 U.S.C. § 1226(c), a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional and unreasonable under the Due Process Clause of the

4

Fifth Amendment. *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *German Santos*, 965 F.3d at 208–09. When considering whether the petitioner's detention has become unreasonable, "[t]he most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. The court must additionally consider "all the other circumstances" of the detention, including (1) "whether the detention is likely to continue," (2) "the reasons for the delay, such as a detainee's request for continuances," and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Ctny. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).

Applying the *German Santos* factors to this case, the court will grant Bah's petition for writ of habeas corpus and order Respondents provide Bah with a bond hearing before an immigration judge. First, with respect to the duration of Bah's detention, he has been in ICE custody since October 11, 2024, a period of approximately 19 months. Courts in this District have split as to whether detention for approximately 19 months is unreasonable. *Compare Baptista v. Lowe*, No. 1:23-cv-1666, 2024 WL 3410600, at *2 (M.D. Pa. Apr. 30, 2024), *report and recommendation adopted*, 2024 WL 3410587 (M.D. Pa. May 7, 2024) (finding 19 months unreasonable), *and Malede v. Lowe*, No. 1:22-cv-1031, 2022 WL 3084304, at *5 (M.D. Pa. Aug. 3, 2022) (finding 18 months unreasonable), *with Appiah v. Lowe*, No. 3:24-cv-2222, 2025 WL 510974, at *4 (M.D. Pa. Feb. 14, 2025)

5

(holding that being detained for 18 months did not weigh in petitioner's favor). This court finds that Bah's 19 months in detention weighs in his favor.

Second, with respect to the likelihood of continued detention, Bah submits that his detention is unlikely to end soon as his appeal is still pending before the BIA.  (Doc. 1, ¶ 45.)  Respondents argue that this factor weighs against Bah as he has a removal order pending before the BIA and submits that briefs in the appeal were due in April 2026.  (Doc. 5, p. 6; Doc. 5-7, p. 2.)  The court agrees with Bah that his detention will continue for an indeterminate amount of time as the BIA has just received briefs and not yet issued a decision.  Thus, this factor weighs in Bah's favor.

Third, there is no evidence that either party has caused unnecessary delays in Bah's immigration proceedings.  The court may not "hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings." *German Santos*, 965 F.3d at 211 (citing *Chavez-Alvarez*, 783 F.3d at 476–77).  Nor may the court hold "the agency's legal errors against the Government, unless there is evidence of carelessness or bad faith." *Id.* Therefore, this factor is neutral.

Lastly, turning to Bah's conditions of confinement, Bah argues that the conditions at Pike County Correctional Facility are not meaningfully different from criminal custody.  (Doc. 1, ¶ 47.)  Respondents submit that although Bah is

detained at Pike County Correctional Facility, he is not confined to a cell for 23 hours per day like the petitioner in *German Santos*.  (Doc. 5, p. 6.)  In *German Santos*, the Third Circuit found that detention at Pike County Correctional Facility was "indistinguishable from criminal punishment" because petitioner was detained alongside those convicted for crimes.  965 F.3d at 212–13.  Here, Bah does not allege that he is confined to his cell for 23 hours per day, but he is housed with convicted criminals.  Accordingly, this factor weighs in Bah's favor.

In sum, applying the *German Santos* factors to Bah's circumstances, the court finds that his detention has become unreasonably prolonged without the opportunity for a bond hearing.

Bah also requests attorney's fees and costs under the EAJA.  (Doc. 1, p. 20.)  Respondents request that the court defer any decision on EAJA fees until an appropriate motion is made by Bah and that the motion should not be entertained until final judgment is entered in this case.  (Doc. 5, pp. 7–8.)  The court will not make a determination of fees and costs here, but will permit Bah to file an appropriate motion for costs and fees pursuant to the EAJA within thirty days of the entry of final judgment.

### CONCLUSION

Thus, the court will grant Bah's petition for writ of habeas corpus and order an individualized bond hearing before an immigration judge. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: May 19, 2026