# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAMADOU ALPHA BAH,  :  Civil No. 1:26-CV-00978

      Petitioner,  :

      v.  :

CRAIG LOWE, *et al.*,  :

      Respondents.  :  Judge Jennifer P. Wilson

## <u>MEMORANDUM</u>

Before the court is a motion to enforce judgment filed by Petitioner Mamadou Alpha Bah ("Bah").  (Doc. 10.)  For the reasons that follow, the motion will be denied.

### BACKGROUND

On May 19, 2026, the court issued a memorandum and order granting Bah's petition for writ of habeas corpus.  (Docs. 7, 8.)  Therein, the court held that Bah's prolonged detention without a bond hearing under to 8 U.S.C. § 1226(c) violated his due process rights.  (Doc. 7, pp. 3–7; Doc. 8.)[1]  The court ordered that Bah be provided an individualized bond hearing before an immigration judge ("IJ") by June 16, 2026.  (Doc. 7, p. 1, 7–8; Doc. 8.)  The court did not close the case and required that Bah file a status report to advise the court of the status of the individualized bond hearing.  (Doc. 8.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

On June 3, 2026, an IJ held an individualized bond hearing, where Bah was represented by counsel.  (Doc. 10, p. 2.)  After hearing the evidence and argument from counsel, the IJ denied bond finding that continued detention is necessary to prevent Bah from harming the community.  (Doc. 12-1, p. 11.)

On June 22, 2026, Bah filed a motion to enforce asserting that the court must enforce its May 19, 2026 memorandum and order because Respondents have failed to provide Bah with a procedurally adequate and individualized bond hearing. (Doc. 10.)  The court ordered expedited briefing with Respondent filing a brief in opposition on June 30, 2026, and Bah filing a reply on July 7, 2026.  (Docs. 11, 12, 13.)  Thus, this motion is ripe for review.

## DISCUSSION

As a threshold matter, in response to the motion to enforce judgment, Respondents argue that the court lacks jurisdiction to consider the bond hearing pursuant to 8 U.S.C. § 1226(e) and that Bah must first exhaust his administrative remedies through the Board of Immigration Appeals ("BIA").  (Doc. 12, pp. 3–7.) Bah disagrees, arguing that he does not seek appellate review of the bond determination or to reweigh the evidence presented to the immigration judge, rather, he is asking the court to enforce its own order.  (Doc. 13, pp. 2–4.)  Bah also asserts that he need not exhaust his administrative remedies before the BIA

because it would be futile.  (*Id.* at 8–10.)  Therefore, Bah asserts that the court has jurisdiction and exhaustion is inapplicable here.  (*Id.* at 2–4, 8–10.)

The court agrees with Bah.  Section 1226(e) bars the court from reviewing the discretionary judgment of an immigration judge and from setting aside a decision regarding detention or revocation or denial of bond or parole.  But it does not bar the court from reviewing constitutional challenges through habeas review. *Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail.")  Thus, the court has jurisdiction to review the pending motion and determine whether the bond hearing complied with the court's prior order and was constitutionally adequate.

As to exhaustion, Respondents' argument also fails.  Although exhaustion is often required, there is no statutory requirement for exhaustion as "exhaustion exists only as a judicially created doctrine applied at the Court's discretion." *Kashranov v. Jamison*, 2:25-cv-5555, 2025 WL 3188399, at *4 (E.D. Pa. Nov. 14, 2025) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)).  And exhaustion "is likewise not required when it would be futile."  *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (citation omitted).  Here, the court finds that exhaustion is unnecessary and futile

3

as Bah is requesting that the court review the constitutionality of the bond hearing that it ordered.

Turning to the merits of Bah's motion, he argues that he was denied a constitutionally adequate individualized bond hearing before an IJ.  (Doc. 10, pp. 11–16; Doc. 13, pp. 4–8.)  Bah submits that the IJ correctly acknowledged that Respondents carried the burden of proving by clear and convincing evidence that Bah posed either a present danger to the community or a flight risk.  (*Id.* at 11.)  However, Bah submits that Respondents argument rested entirely on Bah's past criminal history and they did not present evidence of a current danger to the community.  (*Id.* at 11–12.)  According to Bah, the IJ thus relied solely on his past criminal history to find that Respondents carried their burden in violation of Third Circuit precedent.  (*Id.* at 12–16.)

Respondents argue that the IJ conducted a constitutionally adequate individualized bond hearing, thus foreclosing this court from ordering a second bond hearing.  (Doc. 12, pp. 7–9.)  They submit that Bah wants the court to reweigh the evidence presented to the IJ, which is not a permissible function of this court's habeas review.  (*Id.*)  Respondents assert that the IJ carefully considered all the evidence submitted by both parties but still found that, looking forward, there was a concern about Bah's pattern of harming individuals.  (*Id.*)  For these reasons, Respondents urge the court to deny the motion to enforce.

A bond hearing must be constitutionally or legally deficient for this court to order a second bond hearing. *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018). At an individualized bond hearing, "the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Diop v. ICE/Homeland Security*, 656 F.3d 221, 233 (3d Cir. 2011). The Government must prove that detention is necessary by clear and convincing evidence. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

The IJ cannot rely on "mechanistic factors" common to all Section 1226(c) detainees, but rather, the judge must find evidence specific to the individual that demonstrates either danger to the community or flight risk. *Santos v. Lowe*, No. 18-cv-1553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020). It is critical to look at "an individualized analysis of the alien's eligibility for parole, present danger to society and willingness to comply with the removal order." *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 399 (3d Cir. 1999). Thus, the judge must carefully weigh evidence from a petitioner that tends to show "reform, rehabilitation, good character, education, employment history and prospects, familial ties to United States citizens, potential for relief from removal, and any other evidence that contravenes danger to the community or risk of flight . . . , as such evidence is highly relevant to ascertaining the detainee's current risk level." *Guerrero*

5

*Sanchez v. Sabol*, No. 15-cv-2423, 2016 WL 7426129, at *5 (M.D. Pa. Dec. 23, 2016).  "[W]hen assessing danger to the community, the extensiveness, recency, and severity of a detainee's past criminal activity must be considered." *Id.* "[W]hen assessing risk of flight, common-sense considerations include whether the imposition of conditions of release could mitigate flight risk, and whether the detainee has strong family ties to the United States." *Id.*  The determination of flight risk or danger must not be focused solely on past conduct and should be "made on a current basis." *Id.*

Here, the court finds that Bah received a constitutionally adequate bond hearing before the IJ.  The court acknowledges that Respondents' counsel stated during the hearing that DHS "would not be able to demonstrate more current . . . danger because actually . . . respondent was always in custody, so he would not be able to commit any more crimes . . . ." (Doc. 12-1, p. 10.)  Respondents submitted that Bah's criminal conduct "is current for his situation." (*Id.*)  The IJ then considered Bah's criminal history, but also the courses and programs Bah took while detained. (*Id.* at 10–11.)  The IJ specifically noted his concern of harm to the community based on Bah's pattern of identity theft crimes and the recency of the federal aggravated identity theft conviction. (*Id.*)  Considering all of this, the IJ held that Respondents met their burden of demonstrating that continued detention is necessary to prevent Bah from harming the community. (*Id.*)

6

Upon review of this record, the court finds that Bah is asking this court to reweigh the evidence presented to the IJ.  The hearing provided was constitutionally adequate as it did not solely rely on Bah's criminal history.

Accordingly, for the reasons stated herein, Bah's motion to enforce will be denied.  The Clerk of Court will also be directed to entered judgment in favor of Bah and close this case.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 10, 2026